RECEIVED
IN ALEXANDRIA, LA
FEB 1 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES GREGORY BENNETT** | **CIVIL ACTION NO. 07-0616** |
| -vs- | **JUDGE DRELL** |
| **LANE LITTON, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Before the Court are two unopposed self-styled motions to strike, one filed by defendants Lane Litton, Cody Griffith, and Kyle Martin (collectively, "Police Defendants") (Doc. 5) and one filed by defendant City of Pineville (Doc. 6). Both motions seek to strike all claims for punitive damages from the complaint. Although the motions are brought as motions to strike under Fed. R. Civ. P. 12(f), the motions do not concern "any redundant, immaterial, impertinent, or scandalous matter." Id. Rather, they concern claims for punitive damages which the defendants argue are unavailable as a matter of law. Thus, we properly treat them as motions to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[1] The City of Pineville's motion is GRANTED, and the Police Defendants' motion is GRANTED IN PART as to punitive damages claims against them in their official capacities.

---

[1] See, e.g., Commercial Union Ins. Co. v. Upjohn Co., 409 F.Supp. 453, 455 (W.D. La. 1976) (treating motion to strike punitive damages under state law as a motion to dismiss for failure to state a claim upon which relief may be granted); Prof'l Asset Mgmt., Inc. v. Penn Square Bank, N.A., 566 F.Supp. 134, 136 (D.C. Okl. 1983) (same).

The complaint asserts claims under 42 U.S.C. § 1983 arising out of events occurring on or about April 9, 2006, when the Police Defendants, working for the City of Pineville, allegedly injured the plaintiff while he was in their custody. The complaint is not clear as to whether his claims are against the Police Defendants in their individual capacities, official capacities, or both, but the final page of the complaint does pray for "a Judgment against defendants . . . , individually and collectively . . . ." (Doc. 1, p. 5). The complaint seeks "all special reasonable [sic], and punitive damages as will be proved at trial and as the Jury may allow." (Doc. 1, p. 4).

The defendants argue that punitive damages are unavailable as a matter of law in actions under 42 U.S.C. § 1983. They are correct, with one caveat. Municipalities, such as defendant City of Pineville, are not subject to punitive damages in § 1983 actions. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Thus, the plaintiff's punitive damages claim against the City of Pineville must be dismissed. Moreover, a suit against a municipality employee in his official capacity is really a suit against the municipality itself. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). Consequently, the plaintiff's punitive damages claims against the Police Defendants in their official capacities must also be dismissed.

The caveat is that punitive damages claims against the Police Defendants in their individual capacities may be allowed. See, e.g., Williams v. Kaufman County, 352 F.3d 994, 1015-16 (5th Cir. 2003) (upholding punitive damages award of $15,000 per plaintiff against sheriff in his individual capacity). Although the punitive damages claims against the City of Pineville and against the Police Defendants in their official capacities must

be dismissed, this ruling does not address or affect any punitive damages claims against the Police Defendants in their <u>individual</u> capacities.

## CONCLUSION

Based on the foregoing, defendant City of Pineville's motion to strike (Doc. 6) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and is GRANTED. By separate judgment, the plaintiff's claim for punitive damages against the City of Pineville is DISMISSED WITH PREJUDICE.

The Police Defendants' motion to strike (Doc. 5) is also treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and is GRANTED IN PART as to punitive damages claims against them in their official capacities. By separate judgment, the plaintiff's claims for punitive damages against the Police Defendants in their <u>official</u> capacities are DISMISSED WITH PREJUDICE.

SIGNED on this 19 day of February, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3