U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 1 7 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES GREGORY BENNETT | CIVIL ACTION NO. 07-0616 |
| -vs- | JUDGE DRELL |
| LANE LITTON, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a motion for partial summary judgment filed by Defendants Lane Litton, Cody Griffith, and Kyle Martin (collectively, "Police Defendants"). (Doc. 22). Defendants seek judgment that all claims and demands against Officer Lane Litton should be dismissed with prejudice.

Defendants propounded Requests for Admissions concerning Litton's involvement to attorneys for the Plaintiff. According to the return receipt or "green card" attached to the Defendants' motion, these requests were received by attorneys for the Plaintiff on April 28, 2008. (Doc. 22, Exh. B). Defendants claim to have received no timely response. Plaintiff's opposition to Defendants' motion states in conclusory fashion in an appended statement of material facts only that "[o]bjections and responses to the Requests for Admission have been made." (Doc. 29-2). There is no supporting affidavit or documentation indicating what the objections are and, more importantly, when they were made.

I.  **Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). All inferences are to be drawn in the light most favorable to the nonmovant. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992).

II. **Analysis**

Rule 36 provides in relevant part:

> **Time to Respond; Effect of Not Responding**. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

FED. R. CIV. P. 36(a)(3). The rule goes on to state:

> **Effect of an Admission; Withdrawing or Amending It**. A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended. Subject to Rule 16(e),

> the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

FED. R. CIV. P. 36(b) (emphasis added). No such motion to withdraw or amend the admission has been filed prior to or even concurrently with the Defendants' motion for summary judgment. *See, e.g.*, In re *Carney*, 258 F.3d 415, 419–20 (5th Cir. 2001). As the procedurally-admitted facts enumerated in Defendants' request go to the heart of Plaintiff's claims against Officer Litton, summary judgment is appropriate on those claims against him and they will be dismissed.

### III. Conclusion

Based on the foregoing, Defendants' motion for summary judgment (Doc. 22) will be GRANTED. By separate judgment, Plaintiff's claims against Officer Lane Litton will be DISMISSED WITH PREJUDICE.

SIGNED on this 16th day of March, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE